**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DAVID SMITH, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-CV-282-TCK-PJC |
| ) | |
| **CASE & ASSOCIATES PROPERTIES,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss (Doc. 9).

**I.     Factual Background**

Plaintiff, an African-American male, filed a pro se Complaint. The Court construes the Complaint as alleging that Defendant discriminated against him based on his race in Title VII of the Civil Rights Act by: (1) paying him less than white employees ("pay claim"); (2) subjecting him to a racially hostile work environment ("hostile work environment claim"); and (3) retaliating against him for filing an EEOC charge ("retaliation claim"). Defendant moved to dismiss the pay claim pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") based on Plaintiff's failure to exhaust administrative remedies and moved to dismiss the retaliation claim based on failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Defendant has not moved to dismiss the hostile work environment claim.

**II.    Pay Claim**

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take one of two forms. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). A moving party may make a facial attack on the complaint's allegations or "may go beyond allegations

contained in the complaint and challenge the facts upon which subject matter jurisdiction is based." *Id.* In reviewing a factual attack on the existence of subject matter jurisdiction, a court has discretion to consider affidavits and other documents or conduct an evidentiary hearing to resolve disputed jurisdictional facts without converting the motion to one for summary judgment. *Stuart*, 271 F.3d at 1225.

In this case, Defendant mounted a factual attack on whether Plaintiff exhausted administrative remedies by attaching (1) a charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") dated July 30, 2009 ("first charge"); (2) a Dismissal and Notice of Rights related to the first charge dated February 16, 2010; and (3) a charge of discrimination filed with the EEOC on February 4, 2010 ("second charge"). Defendant argues that Plaintiff has not exhausted administrative remedies as to the pay claim because such claim is only contained in the second charge, and the EEOC has not issued a Dismissal and Notice of Rights in connection with the second charge. Plaintiff did not attach any refuting evidence. In his response brief, Plaintiff stated that "[t]he claims of discriminatory terms and conditions of employment located in the 2nd charge of racial discrimination and retaliation filed on February 4, 2010 . . . has not been mention in [this case] because the 2nd charge is pending investigation." (Pl.'s Resp. to Mot. to Dismiss 5.) Thus, Plaintiff seems to admit that the EEOC's investigation of the second charge, which includes the pay claim, remains pending.

Based on the EEOC documents before the Court and the parties' arguments, it is clear that (1) the pay claim is not contained in the first charge, and (2) the EEOC has not issued a right to sue letter for the second charge. Therefore, Plaintiff has failed to exhaust administrative remedies as to the pay claim, and the Court lacks subject matter jurisdiction over it. *See Jones v. Runyon*, 91

F.3d 1398, 1399 (10th Cir. 1996) ("Exhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII."). The pay claim is hereby dismissed without prejudice.

### III. Retaliation Claim

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "'nudge [ ] [his] claims across the line from conceivable to plausible.'" *Schneider*, 493 F.3d at 1177 (quoting *Twombly*, 127 S. Ct. at 1974). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Schneider*, 493 F.3d at 1177.

Defendant moved to dismiss the retaliation claim pursuant to Rule 12(b)(6) based on Plaintiff's failure to allege that he suffered an adverse employment action. Under Tenth Circuit law, a prima facie case for retaliation requires a plaintiff to show: (1) he engaged in protected opposition to Title VII discrimination; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1229-30 (10th Cir. 2004). "To be an adverse action, the employer's conduct must be 'materially adverse' to the employee's job status." *Id.* (internal quotations omitted). "The adverse action must amount to a significant change in employment status, such as firing, failing to

promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.* (internal quotations omitted).

In this case, Defendant's allegations of retaliation are: "On Jan. 20, 2008, in retaliation to my prior complaint the supervisor Jeff Flora disclosed details of my personal medical condition to the entire staff.  Matt Ward then disclosed details of my personal medical condition to a resident." (Compl. at 2.)  Construed in their most favorable light and accepting them as true, these allegations do not constitute an adverse employment action.  Defendant's alleged disclosure of personal medical information, while perhaps embarrassing, does not constitute "a significant change" in Plaintiff's employment status.  Therefore, Defendant's allegations do not state a claim for Title VII retaliation.

**IV.   Conclusion**

Defendant's Motion to Dismiss (Doc. 9) is GRANTED. Plaintiff's pay claim is dismissed without prejudice pursuant to Rule 12(b)(1), and Plaintiff's retaliation claim is dismissed with prejudice pursuant to Rule 12(b)(6).  Plaintiff's hostile work environment claim remains pending.

SO ORDERED this 20th day of September, 2010.

*Terence C. Kern*

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**